FILED
U.S. DISTRICT COURT
DISTRICT OF KANSAS

'10 SEP -9 P1:55

CLERK, U.S. DISTRICT COURT
BY: MA DEPUTY CLERK
AT WICHITA, KS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v. No. 10-10096-01-WEB

JOHN GRANT SHORE,

Defendant.

**PLEA AGREEMENT PURSUANT TO FED.R.CRIM.P.11(c)(1)(C)**

The United States of America, by and through Assistant United States Attorney, Matt Treaster, and John Grant Shore, the defendant, personally and by and through defendant's counsel, John E. Stang, hereby enter into the following plea agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** If the Court permits, the defendant agrees to plead guilty to Counts 1, 2, and 3 of the Superceding Indictment. Count 1 charges a violation of Title 18, United States Code, §§ 1951 and 2, that is Aiding and Abetting a Commercial Robbery. Count 2 charges a violation of Title 18, United State Code §§ 924(c) and 2, that is, Aiding and Abetting the Discharge of a Firearm During and Relation to a Robbery. Count 3 charges a violation of Title 18, United States Code, §§ 1951 and 2, that is Aiding and Abetting a Commercial Robbery. By entering into this plea agreement, the defendant admits to knowingly committing these offenses, and to being guilty of this offense. The defendant understands that the maximum sentence which may be imposed as to Counts 1 and 3 of the superceding indictment to which the defendant has agreed to plead guilty is not more than twenty years, a fine

not greater than $250,000 or both, a term of supervised release of not more than three years, and a special assessment of not less than $100. The defendant understands that the maximum sentence which may be imposed as to Court 2 of the superceding indictment to which the defendant has agreed to plead guilty is not more than life in prison (with a ten year minimum sentence of imprisonment), a $250,000 fine, five years of supervised release, and a $100 mandatory special assessment. The approximate amount of restitution due in this case is $904.94. By entering into this plea agreement, the defendant admits to knowingly committing these offenses, and to being guilty of these offenses. The United States agrees that at the time of sentencing it will move for dismissal of the original indictment and the remaining count of the superceding indictment.

**2. Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

> In the late evening hours of February 14, 2010, John Grant Shore, Kristina Pauline Lashmet, and Ryan Wesley Swisher, decided to commit an armed robbery of a convenience store. Initially they went to the Loves Country Store, 208 E. Highway 50, Syracuse, Kansas, but when they arrived there was a police car parked nearby. They decided to then travel to the Eagle Travel Plaza, 215 W. Kansas Ave., Tribune, Kansas.
>
> When they arrived at the Eagle Travel Plaza Shore and Lashmet exited the car they were in. Swisher, who had been driving the car, stayed in the automobile. Shore then entered the Travel Plaza, pointed a firearm at the store clerk, and demanded money. During the robbery he opened the cylinder of the gun and showed the clerk the bullets. He told her if she did not open the safe he would shoot her in the foot. He proceeded to take approximately $360 in cash and numerous packages of cigarettes.
>
> Following the robbery of the Eagle Travel Plaza the trio eventually made their way back to the Loves Country Store in Syracuse. They arrived around 1:00 a.m. on February 15, 2010. Again Shore and Lashmet exited the vehicle, but this time both went into the store. Shore displayed the firearm to the store clerk and told him it was a .357 magnum. He demanded the money and shot in the direction of the clerk. He also shot approximately

four times at the locking mechanism of the store safe. The safe did not open. Shore and Lashmet took the money out of both a cash drawer and a lock box containing approximately $389.34. They also took two cartons of Marlboro cigarettes valued at $100.00 and 40 lighters from the counter valued at $1.39 each.
Eagle Travel Stop in Tribune is a convenience store that operates in interstate commerce. The store's corporate offices are located at P.O. Box 867, Sterling, Colorado. They use a local bank to make their deposits, but that money is then transferred to a bank in Sterling, Colorado via electronic transfer. Most of the stores products for sale are ordered and shipped from Omaha, Nebraska.

Loves Country Store in Syracuse is a convenience store that operates in interstate commerce. The store's corporate offices are located at P.O. Box 26210, Oklahoma City, Oklahoma. They use a local bank to make their deposits, but that money is then transferred to a bank in Oklahoma City, Oklahoma via electronic transfer. Most of the products sold in the store come from suppliers in Oklahoma City, Oklahoma, and Temple, Texas.

**3.** **Proposed (c)(1)(C) Sentence.** The parties propose, as an appropriate disposition of the case, a sentence of 120 months in prison on count 2 of the superceding indictment charging a violation of Title 18, United States Code, § 924(c); five years of supervised release; no fine; and the mandatory special assessment of $100 to be paid during the defendant's incarceration. As to counts 1 and 3 of the superceding indictment each charging a violation of Title 18, United States Code, § 1951, the parties propose, as an appropriate disposition of the case, a sentence of 84 months on each count, with three years of supervised release; no fine, and the mandatory special assessment of $100 per count to be paid during the defendant's incarceration. The parties propose that the prison sentences in counts 1 and 3 to run concurrent to one another, but consecutive to count 2, for a total controlling sentence of 204 months in prison. The parties further propose that the supervised release terms in counts 1, 2, and 3 each run concurrently to one another. The parties seek this binding plea agreement as an appropriate disposition of the case because it brings certainty to the sentencing process and assures that the

defendant and the government will benefit from the bargain they have struck if the Court permits itself to be bound by the proposed sentence; the interests of justice are served by the sentence, thereby assuring that the sentence is consistent with the sentencing factors of 18 U.S.C. § 3553(a); and if the Court does not agree with the sentence, the parties may be restored to the positions they maintained prior to reaching this plea agreement. This agreement centers on the defendant's agreement to enter his guilty plea as soon as the Court's schedule permits, thereby preserving valuable Court, prosecution, public defender, probation office, U.S. Marshals Service and other law enforcement resources.

4. **Application of the Sentencing Guidelines.** The parties are of the belief that the proposed sentence does not offend the now advisory sentencing guidelines, but because this proposed sentence is sought pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties are not requesting imposition of an advisory guideline sentence.

5. **Government's Additional Agreement.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas also agrees to not file any additional charges against the defendant arising out of the facts forming the basis for the Indictment or Superceding Indictment.

6. **Whether to Accept the Proposed Plea Agreement and Sentence is Up to the Court.** The Court has no obligation to accept the proposed plea agreement and sentence. It is solely within the Court's discretion whether to accept the proposed binding plea agreement as an appropriate disposition of the case.

7. **Withdrawal of Plea Permitted Only if the Court Does Not Accept the Plea Agreement and Proposed Sentence.** On the other hand, if the Court agrees to be bound by

proposed plea agreement and accepts the defendant's plea of guilty, the defendant will not be permitted to withdraw it. Only if the Court rejects the proposed plea agreement will the defendant be permitted to withdraw his guilty plea.

**8. Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100 will be entered against the defendant at the time of sentencing. The parties acknowledge the defendant is without adequate resources to pay the special assessment at the time of sentencing and agree to recommend that the Court order payment to occur during the defendant's period of incarceration.

**9. Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the

court. However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18, U.S.C. § 3742(a).

**10. Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, U.S.C. § 552, or the Privacy Act of 1974, Title 5, U.S.C. § 552a.

**11. Full Disclosure by United States.** The defendant understands the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of the defendant including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the count to which the defendant has pled guilty. The United States may respond to comments made or positions taken by the defendant or defendant's counsel and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the court and the United States Probation Office.

**12. Parties to the Agreement.** The defendant understands this plea agreement binds only the defendant and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

**13. Identification of Assets & Agreement Concerning Monetary Penalties**: The defendant agrees to cooperate fully with the United States Attorneys Office and specifically:

A) Provide a financial statement on a form approved by the USAO that discloses all assets in which defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party, as well as any transfer of assets that has taken place within 3 years preceding the entry of this plea agreement.

B) Submit to an examination, which may be taken under oath and may include a polygraph examination.

C) Acknowledges that any waivers, consents, or releases signed by the defendant for purposes of the Presentence Investigation Report extends to the USAO.

D) Will not encumber, transfer, or dispose of any monies, property or assets under his/her custody or control, without written approval from the USAO.

E) The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

F) The defendant authorizes the U.S. District Court to release the funds posted as security for his/her appearance bond in this case to be applied to satisfy the financial obligations of the defendant, pursuant to the judgment of the Court.

G) The defendant waives any requirement for demand of payment on any fine, restitution, or assessment the District Court announces on the record the day of sentencing.

**14. No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has had the plea agreement read to him, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into

this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily..

Date: 9/9/10

Matt Treaster
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, KS 67202
(316) 269-6481
Ks.S.Ct. #17473

Date: 9/9/10

Lanny Welch
Criminal Chief

Date: 9/9/2010

Barry R. Grissom
U.S. Attorney - District of Kansas

Date: 9-9-2010

John Grant Shore
Defendant

Date: 9/9/2010

John E. Stang
Attorney for Defendant Shore
Hulnick, Stang & Rapp, P.A.
310 W. Central, #111
Wichita, KS 67202
(316) 263-7596
Ks.S.Ct.# 13488